IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MONROE JONES,

    Plaintiff,

    v.

FERNANDO MATA,

    Defendant.

No. C-11-5791 TEH (PR)

ORDER OF DISMISSAL

(Doc. #2)

Plaintiff Monroe Jones, a prisoner at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983 alleging that Defendant Fernando Mata improperly charged him with parole violations, revoked his parole and extended his parole release date. Plaintiff seeks damages as well as injunctive relief in the form of his immediate release from prison. Doc. #1. Plaintiff also seeks leave to proceed in forma pauperis. Doc. #2. For the reasons stated below, the court DISMISSES the instant complaint and DENIES as moot Plaintiff's request to proceed in forma pauperis.

//

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

II

The gravamen of Plaintiff's complaint is that Defendant illegally returned him to prison by improperly charging him with parole violations, revoking his parole and extending his release date. See Doc. #1. As set forth below, Plaintiff's civil suit against Defendant must be DISMISSED WITHOUT PREJUDICE under the rationale of Heck v. Humphrey, 512 U.S. 477 (1994). See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).

Generally, Heck bars claims challenging the validity of an

2

arrest, prosecution or conviction.  See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006).  Specifically, Heck bars a 42 U.S.C. § 1983 action for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid unless the conviction or sentence first has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Heck, 512 U.S. at 486-87.  Heck also bars a challenge to the validity of the confinement resulting from a parole revocation hearing, as is the case here, until the parole board's decision has been reversed, expunged, set aside or called into question.  See Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995); Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) (Heck bars claim of improper deprivation of time credits because such claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence).  Heck therefore would bar any damages claim for the alleged improper actions by Defendant that led to the revocation of Plaintiff's parole if such a claim would implicate the validity of the parole revocation decision.

Because Plaintiff has not shown that the decision to revoke his parole has been reversed, expunged, set aside or called into question, his civil suit against Defendant is not cognizable under 42 U.S.C. § 1983.  See Heck, 512 U.S. at 487.  In other words, Plaintiff must have his revocation of parole and resulting

3

confinement invalidated before he can proceed with a claim for damages for the wrongful actions he claims caused his illegal confinement.

If plaintiff wishes to challenge his parole revocation and resulting confinement in this court, he must do so by way of a petition for a writ of habeas corpus under the habeas sections of Title 28 of the United States Code. <u>See</u> <u>Calderon v. Ashmus</u>, 523 U.S. 740, 747 (1998); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). Plaintiff is advised that under those sections, he must first exhaust available state judicial remedies. <u>See</u> 28 U.S.C. § 2254(b) & (c).

### III

For the foregoing reasons, the action is DISMISSED WITHOUT PREJUDICE and Plaintiff's request to proceed in forma pauperis (Doc. #2) is DENIED as moot. The Clerk shall terminate all pending motions as moot, enter judgment in accordance with this order and close the file.

IT IS SO ORDERED.

DATED  *12/07/2011*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.11\Jones-11-5791-heck dismissal-parole violation.wpd

4